UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY KAY RICE,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

                Defendant.

Case No. 3:17-cv-05069-TLF

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of the Commissioner's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds the Commissioner's decision to deny benefits should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On August 4, 2014, Plaintiff filed an application for disability insurance benefits, alleging she became disabled beginning January 15, 2011. Dkt. 13, Administrative Record (AR) 19. That application was denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which plaintiff appeared and testified as did a vocational expert. AR 37-75.

ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS - 1

In a decision dated August 1, 2016, the ALJ found that plaintiff could perform her past relevant work and therefore that she was not disabled. AR 19-32. Plaintiff's request for review was denied by the Appeals Council on December 2, 2016, making the ALJ's decision the final decision of the Commissioner, which Plaintiff then appealed in a complaint filed with this Court on February 2, 2017. AR 1; Dkt. 3; 20 C.F.R. § 404.981.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred by failing to make a finding as to whether the occupational base of light work had been "significantly reduced" in determining that Plaintiff could perform other jobs existing in significant numbers in the national economy. For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and therefore affirms the decision to deny benefits.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can make this showing through the testimony of a vocational expert or by reference to the Commissioner's Medical-Vocational Guidelines (the "Grids"). *Tackett*, 180 F.3d at 1100-1101; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000).

In this case, the ALJ assessed Plaintiff with the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1576(b), subject to the following additional limitations:

> **. . . [She] can lift at a light level 20 pounds occasionally, 10 pounds frequently; stand and/or walk two of eight hours; sit six of eight hours;**

> **postural limitations are no ropes, no scaffolds, no ladders, no limits on balance, all other postural are occasional, occasional ramps, occasional stairs, occasional stoop, occasional kneel, occasional crouch, and occasional crawl; [she] must avoid exposure to heights, hazards, and heavy equipment; [she] is limited to simple, routine tasks, [special vocational preparation (SVP)] 1 or 2 type tasks,**[1] **and is further limited to superficial public contact.**

AR 24 (emphasis in the original). At step five of the sequential disability evaluation process, the ALJ then went on to find:

> . . . [I]f [Plaintiff] had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by [Grid] Rule 202.21 and Rule 202.14. However, [Plaintiff's] ability to perform all or substantially all of the requirements of this level of work was impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, . . . I asked the vocational expert whether jobs existed in the national economy for an individual with [Plaintiff]'s age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would have been able to perform the requirements of representative occupations such as an assembler ([Dictionary of Occupational Titles (DOT)] 739.687-030, light, SVP 2), 1.3 million positions nationally; and photo[copying-]machine [operator] (DOT 207.685-014, light, SVP 2), 66,000 positions nationally.
>
> Although the vocational expert's testimony is inconsistent with the information contained in the Dictionary of Occupational Titles, there is a reasonable explanation for the discrepancy. The light exertional range of work typically requires the ability to stand and walk up to six hours a day. However, the vocational expert testified that the representative occupations could be performed while sitting. It is reasonable to infer that the vocational expert's opinion regarding these limitations was based on professional experience and training. Other than as noted above, neither [Plaintiff] nor [Plaintiff's] representative objected to the vocational expert's qualifications or testimony. As such, the vocational expert's testimony has been accepted . . .

AR 31-32.

Plaintiff does not challenge the validity of the ALJ's RFC assessment, but argues the ALJ

---

[1] SVP "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles (DOT), Appendix C. An SVP of 1 denotes "[s]hort demonstration only," and an SVP of 2 denotes "[a]nything beyond short demonstration up to and including 1 month." *Id.* An SVP of 1 to 2 corresponds to unskilled work. SSR 00-4p, 2000 WL 1898704, at *3.

erred by failing to inquire as to whether the additional limitations set forth therein resulted in the light exertional work capacity being "significantly reduced," such that Plaintiff should have been found disabled under the Grids. In so arguing, Plaintiff relies on SSR 83-12, which provides that:

> Where an individual's exertional RFC does not coincide with the definition of any one of the ranges of work as defined in [20 C.F.R. § 404.1567],[2] the occupational base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability. The adjudicator will consider the extent of any erosion of the occupational base and access its significance. In some instances, the restriction will be so slight that it would clearly have little effect on the occupational base. In cases of considerably greater restriction(s), the occupational base will obviously be affected. In still other instances, the restrictions of the occupational base will be less obvious.
>
> Where the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource. . . .

1983 WL 31253, at *2. That "vocational resource" may consist of "a person or persons with specialized knowledge," such as "vocational consultants or specialists," including "[v]ocational experts" who "may testify . . . at the hearing and appeals levels." *Id.*

SSR 83-12 further provides that "if the exertional level [of the individual] falls between two [Grid R]ules which direct opposite conclusions, i.e., 'Not disabled' at the higher exertional level and 'Disabled' at the lower exertional level," the adjudicator should "consider as follows:

> a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."
>
> b. On the other hand, if the exertional capacity is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled."
>
> c. In situations where the [Grid R]ules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational

---

[2] *E.g.*, sedentary, light, medium, and heavy work. *See id.*

base to support a conclusion as to disability. Accordingly, [vocational
specialist] assistance is advisable for these types of cases.

*Id.* at *2-3.

In asserting error on the part of the ALJ, Plaintiff argues he had an affirmative duty under SSR 83-12 to make a finding "as to whether the 'light' occupational base had been 'significantly reduced,'" such that a finding of disabled would have been required at the lower, exertional work Grid Rule than that considered by the ALJ. Dkt. 17, p. 7. More specifically, Plaintiff asserts the ALJ was required to ask the vocational expert "to comment on whether there was 'significant' erosion" in the occupational base at the hearing, and then address this issue in his decision. *Id.* at pp. 8-9. Plaintiff's argument fails for two reasons.

First, SSR 83-12 does not require the ALJ to ask the vocational expert whether a claimant's exertional work level has been "significantly reduced,"; nor does SSR 83-12 demand that the ALJ specifically address that issue in his or her decision. Rather, SSR 83-12 simply requires the ALJ to consult a vocational resource, such as a vocational expert, "[w]here the extent of erosion of the occupational base is not clear." 1983 WL 31253, at *2. The ALJ complied with SSR 83-12 in this case by asking the vocational expert whether Plaintiff could perform the above-identified jobs given the limitations contained in the ALJ's RFC assessment. *See* AR 65-74.

Second, the other express requirement of SSR 83-12 is that:

> . . . Whenever vocational resources are used, and an individual is found to be not disabled, the determination or decision will include (1) citations of examples of occupations/jobs the person can do functionally and vocationally and (2) a statement of the incidence of such work in the region in which the individual resides or in several regions of the country.

1983 WL 31253, at *5. The ALJ satisfied this second requirement by pointing to the jobs identified by the vocational expert and the incidence of such work in the region. *See* AR 31-32, 71. Accordingly, the ALJ's step five determination is without error.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. The Commissioner's decision to deny benefits therefore is AFFIRMED.

Dated this 25th day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION
TO DENY BENEFITS - 7